UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,<br><br>　　　　Defendant. | Case No. 26-cv-00305-TSH<br><br>**ORDER DENYING MOTION TO RECOVER SERVICE COSTS**<br><br>Re: Dkt. No. 12 |

Plaintiff Sergey Firsov has filed a Motion to Recover Cost of Formal Service of Summons, arguing Defendant Scandinavian Airlines System Denmark-Norway-Sweden refused to return a signed waiver of service, thereby necessitating formal service.  ECF No. 12.  The Court finds Plaintiff's motion must be denied.

Under Federal Rule of Civil Procedure 4(d), if a plaintiff asks a defendant to waive service and the defendant refuses without good cause, the Court "must impose on the defendant . . . the expenses later incurred in making service."  Fed. R. Civ. P. 4(d)(2)(A).  For this rule to apply to a corporate defendant, the plaintiff must make the waiver request "in writing" and address it to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(d)(1)(A)(ii).  Here, Plaintiff has not proven he complied with this requirement, as he has not shown that he served the waiver request on any of the listed persons.  As a result, there can be no reimbursement of service costs under Rule 4(d). *See Firsov v. Turkish Airlines, Inc.*, 2026 WL 765100, at *1 (N.D. Cal. Mar. 18, 2026) (denying motion to recover service costs where Mr. Firsov failed to prove he served waiver request on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process") (quoting Fed. R. Civ. P. 4(d)(1)(A)(ii)); *Firsov v. Scandinavian*

United States District Court
Northern District of California

*Airlines of N. Am., Inc.*, 2025 WL 2733645, at \*1 (N.D. Cal. Sept. 25, 2025) (same).

Further, Plaintiff states "Defendant was personally served Summons and Complaint in SFO airport to manager."  Mot. at 1.  However, Plaintiff has not established that the manager was one of the officers or authorized agents who could accept service on behalf of the company.  *See* Fed. R. Civ. P. 4(h)(1)(B); Cal. Civ. Proc. Code § 416.10; *see also Firsov v. Turkish Airlines, Inc.*, 2026 WL 765100, at \*1 (granting motion to dismiss for insufficient service of process where Mr. Firsov "served 'supervisor Rashid in [a] Turkish [A]irlines uniform' at a 'check-in counter at SFO airport, International terminal.'") (alterations in original); *Firsov v. Alaska Airlines, Inc.*, 2025 WL 4324346, at \*3 (N.D. Cal. Nov. 5, 2025) (denying motion for service costs where Mr. Firsov served "customer service lead" at airport service counter).  As a result, the Court concludes Plaintiff did not adequately serve Defendant.

Finally, the Court notes that Plaintiff does not appear to have used a professional process server.  The person who served process was Mihail Kryvanosov, who lives in the same apartment as Plaintiff.  *See* Proof of Service, ECF No. 13 (listing Mr. Kryvanosov's address as 333 Escuela Ave, Apt 141, which is Plaintiff's service address in this case).  "Even if the cost of service is covered where service is effected by a nonprofessional process server, there should be some explanation as to why the cost of service by [Mr. Kryvanosov] was \$150." *Firsov v. Scandinavian Airlines of N. Am., Inc.*, 2025 WL 2733645, at \*1 n.3 (finding Mr. Firsov failed to explain why cost of service was \$150 where he did not appear to have used a professional process server and the person who attempted service lived in the same apartment complex).

Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2