UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

          Plaintiff,

    v.

SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,

          Defendant.

Case No. 26-cv-00305-TSH

**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT**

Re: ECF No. 15

Before the Court is self-represented Plaintiff Sergey Firsov's ("Plaintiff") motion to withdraw consent to magistrate judge jurisdiction. ECF No. 15.[1] For the reasons explained below, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's motion.

I.    **BACKGROUND**

On January 12, 2026, Plaintiff sued Defendant Scandinavian Airlines System Denmark-Norway-Sweden ("Defendant") asserting claims under the Montreal Convention and the Airline Deregulation Act. ECF No. 1. On the same day, Plaintiff filed a motion for leave to proceed in *forma pauperis* ("IFP") and consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 2, 3. The Court denied Plaintiff's IFP motion and ordered Plaintiff to pay the filing fee by February 13, 2026. ECF No. 6.

After Plaintiff paid the filing fee, the Clerk of Court issued a summons on February 9, 2026. ECF No. 8. Plaintiff filed a request that Defendant waive service of the summons on February 23, 2026. ECF No. 9. Arguing that Defendant refused to return a signed waiver of

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

service (thus requiring formal service), Plaintiff filed a motion to recover the costs of formal service. ECF No. 12. The Court denied this motion finding that Plaintiff failed to demonstrate that he addressed the waiver to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" as required. Fed. R. Civ. P. 4(d)(1)(A)(ii); *see also* ECF No. 14 at 1 (quoting the same). The Court further noted that "Plaintiff did not adequately serve Defendant." ECF No. 14 at 2.

In response to the Order denying his motion to recover the costs of formal service, Plaintiff filed the instant motion to withdraw his consent to a magistrate judge. ECF No. 15. In it, Plaintiff argues that "Judge was prejudiced to Plaintiff and stated in Order that process server without license is interested person with same address, who served wrong person who is not a manager." *Id.* at 1. On April 21, 2026, the magistrate judge assigned to this case, Judge Hixson, referred Plaintiff's motion to the undersigned judge. ECF No. 18.

## II.   LEGAL STANDARD

A magistrate judge may conduct all proceedings upon the consent of all the parties in a civil action. 28 U.S.C. § 636(c)(1). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Federal Rule of Civil Procedure 73(b)(3) provides that only a "district judge may vacate a referral to a magistrate judge." "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." *Branch v. Umphenour*, 936 F.3d 994, 1001–02 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4)).

## III.   DISCUSSION

Plaintiff argues that because Judge Hixson found that the "received person is not a manager and proof of service is invalid," the "judge [must] knew this person very well . . . [and i]n this case judge must recuse himself." ECF No. 15 at 2. Plaintiff then asserts that this "[c]ase should be redirected to other judge." *Id.*

Here, Plaintiff failed to show good cause or extraordinary circumstances that warrant his withdrawal of consent to magistrate judge jurisdiction. Plaintiff's request at best amounts to his

United States District Court
Northern District of California

disagreement with the denial of his motion to recover the costs of formal service and the Court's finding that Plaintiff did not properly serve Defendant.  Plaintiff's disagreement with the magistrate judge's ruling is insufficient.  *See Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) ("Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice" the requirement for withdrawal of magistrate judge jurisdiction.).  The authorities cited in Plaintiff's motion do not dictate otherwise.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to withdraw consent to magistrate judge jurisdiction.  This case is returned to Judge Hixson for further proceedings.

**IT IS SO ORDERED.**

Dated: April 23, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3