UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,<br><br>　　　　　Defendant. | Case No. 26-cv-00305-TSH<br><br>**ORDER DENYING SECOND MOTION TO RECOVER SERVICE COSTS**<br><br>Re: Dkt. No. 17 |

On April 15, 2026, the Court denied Plaintiff Sergey Firsov's motion to recover service costs, finding he (1) failed to show he made a request for waiver of service in writing to Defendant Scandinavian Airlines System Denmark-Norway-Sweden's officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; (2) failed to show Defendant was served through one of the officers or authorized agents who could accept service on behalf of the company; and (3) failed to establish evidence of costs for his use of a nonprofessional process server that appeared to live with him. ECF No. 14. Since that time, Plaintiff filed an updated proof of service (ECF No. 16) and a second motion to recover service costs (ECF No. 17). For the same reasons as stated in its first order, the Court finds Plaintiff's motion must be denied.

Under Federal Rule of Civil Procedure 4(d), if a plaintiff asks a defendant to waive service and the defendant refuses without good cause, the Court "must impose on the defendant . . . the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2)(A). For this rule to apply to a corporate defendant, the plaintiff must make the waiver request "in writing" and address it to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Here, Plaintiff has not proven he

complied with this requirement, as he has not shown that he served the waiver request on any of the listed persons.  As a result, there can be no reimbursement of service costs under Rule 4(d).  *See Firsov v. Turkish Airlines, Inc.*, 2026 WL 765100, at *1 (N.D. Cal. Mar. 18, 2026) (denying motion to recover service costs where Mr. Firsov failed to prove he served waiver request on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process") (quoting Fed. R. Civ. P. 4(d)(1)(A)(ii)); *Firsov v. Scandinavian Airlines of N. Am., Inc.*, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025) (same).

Further, the new proof of service states "manager Harpreet Kaur" was served at the San Francisco airport check-in counter.  ECF No. 16 at 2.  But this is the same individual Plaintiff served the first time, *see* ECF No. 13, and he has still not established that the manager was one of the officers or authorized agents who could accept service on behalf of the company.  *See* Fed. R. Civ. P. 4(h)(1)(B); Cal. Civ. Proc. Code § 416.10; *see also Firsov v. Turkish Airlines, Inc.*, 2026 WL 765100, at *1 (granting motion to dismiss for insufficient service of process where Mr. Firsov "served 'supervisor Rashid in [a] Turkish [A]irlines uniform' at a 'check-in counter at SFO airport, International terminal.'") (alterations in original); *Firsov v. Alaska Airlines, Inc.*, 2025 WL 4324346, at *3 (N.D. Cal. Nov. 5, 2025) (denying motion for service costs where Mr. Firsov served "customer service lead" at airport service counter); *Firsov v. United Airlines, Inc.,* No. 25-cv-03784-BLF, ECF No. 48 (denying motion to recover service costs where proof of service showed Mr. Firsov handed the summons to a "manager" at San Francisco International Airport, finding "Mr. Firsov's moving papers reflect at most an attempt to effectuate service on a branch or station manager who does not qualify as an officer, general manager, or authorized agent for service of process").  As a result, the Court concludes Plaintiff did not adequately serve Defendant.

Finally, as with the first service attempt, the Court notes Plaintiff has not used a professional process server.  The person who attempted to serve process both times was Mihail Kryvanosov.  In the first proof of service, Mr. Kryvanosov listed his address as 333 Escuela Ave, Apt 141, which is Plaintiff's service address in this case.  *See* ECF No. 13.  In the second proof of service, Mr. Kryvanosov lists a different address, 1418 Bellevue Ave. Unit 210, Burlingame, CA

United States District Court
Northern District of California

United States District Court
Northern District of California

94010, but Plaintiff still describes him as his "roommate." *See* ECF No. 15 at 1; ECF No. 16 at 2. "Even if the cost of service is covered where service is effected by a nonprofessional process server, there should be some explanation as to why the cost of service by [Mr. Kryvanosov] was $150." *Firsov v. Scandinavian Airlines of N. Am., Inc.*, 2025 WL 2733645, at *1 n.3 (finding Mr. Firsov failed to explain why cost of service was $150 where he did not appear to have used a professional process server and the person who attempted service lived in the same apartment complex). Plaintiff states he "paid for the job to ride to airport to specific time, park a car in paid parking and walk to find the manager." ECF No. 15 at 1. But nowhere does he provide evidence to back up his claimed expenses. *See Firsov v. Scandinavian Airlines of N. Am., Inc.*, 3:25-cv-03691-EMC, ECF No. 37 ("In his motion, Mr. Firsov asserts: 'Drive to SFO airport is 50$ ONE WAY. Price $100 is reasonable in San Francisco, because price 100$ per hour on form 1099 is standard.' . . . There is nothing to back up his conclusory claims."). Regardless, "[b]ecause Mr. Firsov has not established that he complied with Rule 4(d)(1), he cannot be compensated for the formal cost of service." *Firsov v. Scandinavian Airlines of N. Am., Inc.*, 2025 WL 2733645, at *1; *Firsov v. Alaska Airlines, Inc.*, __ F. Supp. 3d __, 2025 WL 4324346, at *2 (N.D. Cal. Nov. 5, 2025) (same).

Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

3