UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br>Plaintiff,<br>v.<br>SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,<br>Defendant. | Case No. 26-cv-00305-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Sergey Firsov alleged claims for breach of the Montreal Convention, breach of contract, violation of the California Consumers Legal Remedies Act, intentional infliction of emotional distress, and violation of business registration laws against defendant Scandinavian Airlines System Denmark-Norway-Sweden (SAS). *See* Dkt. No. 40 (Amended Complaint). Firsov is a serial filer who has initiated a substantial number of similar lawsuits that were found to be frivolous. As a result, he has been declared a vexatious litigant in California state court and in this District. *See Firsov v. Scandinavian Airlines Sys. Denmark-Norway-Sweden*, No. 25-CV-03691-EMC, 2026 WL 1805737, at *1, 8 (N.D. Cal. June 23, 2026). He is subject to a pre-filing screening requirement that requires judicial approval before he may file a new lawsuit against an airline in this District. *Id.*

The vexatious litigant and prefiling order here were entered after this case was filed. Strictly speaking, this case is subject to many of the same concerns identified in the order, namely that Firsov frivolously alleges that the Court has federal question subject matter jurisdiction because of his Montreal Convention claim.[1] Even so, because the case predates the order, the

[1] Firsov also says there is diversity jurisdiction, but the total amount in controversy, excluding frivolous claims for $4.1 billion in punitive damages and $12 million for lifetime private jet flights

United States District Court
Northern District of California

Court will take up the jurisdictional shortcoming.

The crux of Firsov's claim is that SAS refused to board him and his cat on an international flight leaving from San Francisco International Airport (SFO). *See* Dkt. No. 40 at ECF p. 3-4. He claims this refusal constitutes a "delay forever" under the Montreal Convention. *Id.* The Montreal Convention covers delays, but it does not cover a refusal to board, which is instead considered "nonperformance of a contract" and is governed by "the law of [the passenger's] home country." *Wolgel v. Mexicana Airlines*, 821 F.2d 442, 444 (7th Cir. 1987).[2] Consequently, the Montreal Convention claim is dismissed, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).

Firsov may file by September 11, 2026, an amended complaint that plausibly alleges federal subject matter jurisdiction. No new claims or parties may be added without the Court's prior consent. Firsov may not file anything other than an amended complaint pending further order. Failure to meet the filing deadline or otherwise conform to this order will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 25, 2026

JAMES DONATO
United States District Judge

to Europe, appears to be no more than $2634.27 under Firsov's own calculations. Dkt. No. 40 at ECF p. 5.

[2] *Wolgel* discussed the Warsaw Convention, but "courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 n.2 (9th Cir. 2014).